IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,                             ORDER

        v.                                 10-cr-119-bbc-1

MICHAEL JOHNSON,

        Defendant.

---

A hearing on the probation office's petition for judicial review of Michael Johnson's supervised release was held on September 19, 2018, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita Rumbelow. Defendant was present in person and by counsel Terry Frederick. Also present was U.S. Probation Officer Nicholas A. Tuma.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 14, 2011, following his conviction for conspiring to violate 21 U.S.C. § 841(c)(1) by knowingly and intentionally possessing pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 72 months, to be followed by a three-year term of supervised release. A $280 fine and a $100 criminal assessment penalty were also imposed. On November 24, 2014, the custodial portion of his sentence was amended to a 70-month term of imprisonment. On December 29, 2014, the custodial portion of his sentence was amended to time served as of November 1, 2015. On

January 22, 2016, defendant began his three-year term of supervised release.

Defendant violated Special Condition No. 4 requiring him to abstain from the use of illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. He was further required to submit to drug testing beginning within 15 days of release and up to 60 drug tests annually thereafter. Defendant provided urine specimens that tested positive for marijuana on April 2, 17 and 22, 2018; June 21, 2018; and July 17, 2018. He failed to report for random substance abuse testing on March 27, April 15, May 21 and July 5, 2018.

CONCLUSIONS

Defendant's criminal history score falls within Criminal History Category V. With a Grade C violation, he has an advisory guideline range of imprisonment of 7 to 13 months. The statutory maximum to which he can be sentenced upon revocation is two years, because his original conviction was for a Class C felony. Under 18 U.S.C. § 3583(g)(1), (3) and (4), revocation is mandatory if I find that defendant possessed a controlled substance, refused to comply with drug testing, or tested positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervised release is revoked.

Revocation would be reasonable and potentially mandatory if I were to make certain findings at this time. I am persuaded that holding this matter in abeyance will provide defendant an opportunity to take immediate corrective measures. If he does not, he will be held accountable for his behavior. He must remain clean and sober from all controlled substance use. Allowing him to continue working toward his supervision goals and to remain in the community to support his family by continuing with his lawful employment is warranted. However, defendant must earn this second chance by abiding by all of the conditions of his supervised release.

Defendant's three-year term of supervised release is set to expire in January 2019. If any violations occur before that time, including one positive drug test, defendant will be brought back to court for sentencing on his violations.

ORDER

IT IS ORDERED that defendant's term of supervised release imposed on February 14, 2011, and reaffirmed on November 24 and December 29, 2014, is CONTINUED. This hearing will be held in abeyance unless another violation occurs prior to defendant's discharge date of January 21, 2019. The U.S. Probation Office is to promptly notify the court of any further violations if any occur, so that this hearing can be reconvened. Defendant is required to comply fully with all mandatory, standard, and special conditions of supervision as previously imposed, which will remain in effect until his discharge date of January 21, 2019.

Entered this 19th day of September, 2018.

BY THE COURT:

/s/

Barbara B. Crabb
District Judge